# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CTT LAND TRUST | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-78 |
| | § | Judge Clark/Judge Mazzant |
| BANK OF AMERICA, N.A., | § | |
| SUCCESSOR BY MERGER TO BAC | § | |
| HOME LOAN SERVICING, LP, FKA | § | |
| COUNTRYWIDE HOME LOAN | § | |
| SERVICING, LP, RECONTRUST | § | |
| COMPANY, N.A. AND BANK OF NEW | § | |
| YORK MELLON | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion to Dismiss (Dkt. #7).  The Court, having considered the relevant pleadings, finds that Defendants' motion should be granted.

### BACKGROUND

Plaintiff commenced this lawsuit in state court against Defendants.  On February 5, 2014, Defendants removed this case to this Court.  On February 13, 2014, Defendants filed a motion to dismiss (Dkt. #7).  No response was filed.

### LEGAL STANDARD

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions.  A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The claims must include enough factual allegations "to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they

plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## ANALYSIS

On February 13, 2014, Defendants filed a motion to dismiss (Dkt. #7). No response was filed.

Local Rule CV-7(d) provides as follows:

**Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and

a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Plaintiff has not filed a response.  Since Plaintiff has not filed a response, the Court will assume that it is not opposed to the Court's granting Defendants' motion to dismiss. Furthermore, a review of Defendants' motion illustrates that Plaintiff has no plausible claims against Defendants.  The Court has reviewed the motion to dismiss and finds that Defendants' motion to dismiss should be granted. Plaintiff fails to allege any facts that would make any of its claims plausible.

## RECOMMENDATION

Based upon the findings discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss (Dkt. #7) be **GRANTED** and Plaintiff's case DISMISSED with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. §

636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of March, 2014.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE